UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDY MCKINLEY-DELGADO,

      Petitioner,

    v.

FLORIDA SOFT SIDE SOUTH,

      Respondents.

_____/

Case No. 2:26-cv-1355-KCD-DNF

## **ORDER**

Petitioner Eddy McKinley-Delgado is a Cuban citizen with a final order of removal. (Doc. 5-8.)[1] He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a pro se writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention violates the Fifth Amendment.[2] (Doc. 1 at 10.) The Government opposes the petition. (Doc. 11.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Most of the habeas petition is in Spanish. (Doc. 1 at 1-9.) Federal Court filings must be in English, and documents written in another language, without a translation, are properly disregarded. *See United States v. Rivera-Rosario*, 300 F.3d 1, 5-6 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."). Thus, the Court will consider only portions of the petition that are in English. (Doc. 1 at 10); *see Rivas-Montano v. United States*, Nos. 8:03-cr-47-T-24EAJ, 8:06-cv-852-T-24EAJ, 2006 WL 1428507, *1 (M.D. Fla. May 22, 2006).

## I. Background

McKinley-Delgado was ordered removed from the United States in 1981, after being convicted of an aggravated felony. (Doc. 11-1 at 2.) He was not removed at that time and instead placed on an order of supervision. (*See id.*)

On March 5, 2026, ICE determined it was appropriate to detain McKinley-Delgado once more and revoked his supervision to execute his longstanding removal order. (Doc. 11-1 at 5.) On March 20, he was served notice that ICE intends to remove him to Mexico. (*Id.* at 4.) On March 27, 2026, ICE made good on that notice. But according to the unrebutted record, McKinley-Delgado refused to cooperate with the removal. (Doc. 11-1 at 15-17.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration

detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The Government first claims that two provisions of the INA—8 U.S.C. §§ 1252(g) and (b)(9)—preclude federal jurisdiction. We have already addressed these arguments and rejected them for the same reasons they fail today. *See Obando-Vargas v. Assistant Dir.*, No. 2:26-CV-265-KCD-NPM, 2026 WL 796804, at *1-2 (M.D. Fla. Mar. 23, 2026). The Court thus turns to the merits.

As best the Court can tell from the pro se petition, McKinley-Delgado presses one substantive claim—that he is being held without the opportunity to contest his detention in violation of the Due Process Clause. (Doc. 1 at 10.) When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas v. Davis*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). So until that timer goes off, *Zadvydas* itself supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Because McKinley-Delgado's

3

detention is barely out of the starting gate, he is not yet entitled to anything more. But even if he had been detained beyond six months, on March 27, 2026, he refused removal to Mexico, which tolls the detention period. (Doc. 11-1 at 15-17); *see Akinwale*, 287 F.3d at 1052 n.4 (stating that "removal period shall be extended ... if the alien ... acts to prevent the alien's removal subject to an order of removal").

McKinley-Delgado protests against his removal to Cuba because he was kicked out of that country for treason. (Doc. 1 at 10.) First, ICE is attempting to remove him to Mexico, not Cuba. (Doc. 11-1 at 4.) Second, this argument puts the cart before the horse. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *12 (M.D. Fla. Jan. 26, 2026); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

At its core, the Due Process Clause demands that before the government strips a person of a protected liberty interest, it must provide notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424

4

U.S. 319, 333 (1976). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). In the context of revoking a noncitizen's supervised release, as here, ICE's regulations strike that constitutional balance by guaranteeing written notice and an informal interview that allows the individual to respond. *See* 8 C.F.R. §§ 241.4(l)(1), 241.13(i). McKinley-Delgado received both. (*See* Docs. 11-1 at 5-7.) He got exactly what the Fifth Amendment requires—notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

The Constitution guarantees a fair process, not a favorable result. Because ICE afforded McKinley-Delgado the requisite notice and an opportunity to be heard, his procedural due process claim also fails.

## IV. Conclusion

The habeas petition (Doc. 1) is **DENIED WITHOUT PREJUDICE** to McKinley-Delgado refiling a new petition should his current detention be unimpeded and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on May 19, 2026.

Kyle C. Dudek
United States District Judge